Kent **EDWARDS** et al., Plaintiffs,

v.

**FIRST BANK OF DUNDEE, an Illinois State Bank, and the Village of West Dundee, an Illinois Municipal Corporation, Defendants.**

No. 75 C 1123.

United States District Court,
N. D. Illinois, E. D.

April 30, 1975.

Wotan, Muscarello & Crisanti, Elgin, Ill., for plaintiffs.

Gromer, Abbott, Wittenstrom & Strom, Elgin, Ill., Crowley, Barrett & Karaba, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This is an action brought by two named individuals and an *ad hoc* community organization to enjoin defendant First Bank of Dundee from demolishing a certain building located in West Dundee, Illinois, or alternatively to enjoin the Village of West Dundee from issuing a demolition permit to the Bank authorizing the demolition. The cause is presently before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction. Defendants also raise a lack of standing claim.

The building involved in this action is known as the Abraham B. Brinkerhoff house. Apparently the Brinkerhoff house is located in an area which has been entered in the National Register of Historical Places. The plaintiffs also al-lege that the Bank has applied to the Federal Deposit Insurance Corporation for permission to relocate its business premises on the property presently occupied by the Brinkerhoff house. It is further alleged that the Village of West Dundee intends to issue a demolition permit allowing the Bank to demolish the premises. Under these facts (which must be accepted as true for the purposes of this motion), plaintiffs assert pursuant to the Federal Deposit Insurance Corporation Act (FDICA) (12 U. S.C. § 1811 et seq.), the National Environmental Policy Act of 1969 (NEPA) (42 U.S.C. § 4321 et seq.), and the National Historical Preservation Act of 1966 (NHPA) (16 U.S.C. § 470 et seq.) that this Court can enjoin relocation of the Bank until the Federal Deposit Insurance Corporation makes an environmental impact statement and obtains an opinion from the Advisory Council on Historical Preservation.

All parties agree that NEPA and NHPA enunciate national policies encouraging the preservation of important historical, cultural, and natural aspects of this nation's heritage. 42 U.S.C. § 4331(b)(4); 16 U.S.C. § 470(b); Executive Order 11593, 36 F.R. 8921 (1971). Defendants argue, however, that these acts do not apply because the requisite federal involvement is missing. Section 102 of NEPA (42 U.S.C. § 4332) states in relevant part:

". . . all agencies of the Federal Government shall . . .

"(C) include in every recommendation or report on proposals for legislation and other major Federal actions significantly affecting the quality of human environment, a detailed statement by the responsible official on—

"(i) the environmental impact of the proposed action, . . ."

Section 101 of NHPA (16 U.S.C. § 470a) authorizes the Secretary of the Interior to maintain a National Register of districts, sites, buildings, structures

and objects significant in American history, architecture, or culture. Section 106 of NHPA (16 U.S.C. § 470f) requires the head of any federal agency "having direct or indirect jurisdiction over a proposed Federal or federally assisted undertaking" or "having authority to license any undertaking" to take into account the effect of the undertaking on any district, site, building or structure included in the aforesaid National Register, "prior to the approval of the expenditure of any Federal funds on the undertaking or prior to the issuance of any license . . .." These statutes support defendants' argument that federal involvement is necessary before NEPA or NHPA can be invoked.

■ With respect to the Bank, however, plaintiffs have demonstrated that the necessary degree of federal involvement is present. Under the FDICA and regulations promulgated thereunder, the Bank is obligated to obtain permission from the FDIC to establish or move its main office or branch. 12 U.S.C. § 1816, 12 C.F.R. §§ 303.3, 304(g). Among the considerations the FDIC must consider in acting upon the application of the Bank to move its office are the convenience and needs of the community to be served by the bank. Obviously with such an openended standard, the decision of FDIC to allow the move is far from being only ministerial in nature. In fact the decision of the FDIC actually takes the form of a licensing procedure. Therefore, the actions of the FDIC, a federal agency, with respect to the specific facts of the instant case come within NEPA and NHPA. Cf. Billings v. Camp, 4 E.R.C. 1744 (D.D.C.1972). Since the Court has jurisdiction over the activities of the FDIC, it has the power to enjoin nonfederal entities from performing activities in contravention of the federal agency's responsibilities to prevent those activities. The Court therefore has jurisdiction to enjoin, if appropriate, the proposed activities of the Bank.

■ With respect to the Village, plaintiffs have failed to show significant federal involvement. No federal funds are involved in the Bank project and the Village's decision to issue a demolition permit to a land owner does not require any federal approval absent federal funding. The FDIC and the Village have no relationship except the fortuitous circumstance of the Bank's plans. This is not a sufficient nexus for federal jurisdiction to obtain because the Village and the FDIC are not operating as partners with respect to the Bank project. Therefore the Village under federal law has no obligations in this situation. Ely v. Velde, 451 F.2d 1130 (4th Cir. 1971); Biderman v. Morton, 497 F.2d 1141 (2d Cir. 1974).

■■ Defendants also argue that the named individual plaintiffs and the community organization plaintiff lack standing to bring the present action. Under Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972), this position cannot be supported. Sierra Club established the "injury-in-fact" test for standing in environmental actions. Injury-in-fact under Sierra Club is not limited to economic injury but aesthetic and environmental injuries are included as well. 405 U.S. at 734, 92 S.Ct. 1361. Moreover, Sierra Club sanctions a citizen group representing the aesthetic and environmental interests of its members. The individual plaintiffs in the present case are residents and taxpayers in the Village of West Dundee and are members of the plaintiff citizen group. Read with the liberal spirit required by the Federal Rules of Civil Procedure these well-pleaded facts fulfill the injury-in-fact test. As residents of West Dundee and representatives of residents, these plaintiffs show peculiar "personal" injury. They are "users" of the environment of West Dundee and have a legal interest in its preservation, environmentally, aesthetically, and historically. In sum, the Court finds that plaintiffs fulfill standing requirements,

and that jurisdiction over the subject matter with respect to the Bank can be maintained. The Village, however, must be dismissed.*

It is so ordered.

---

*This disposition does not reach the issues of whether this suit is premature until the FDIC grants the Bank's application to move or whether the FDIC may be an indispensable party.